IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TONY EUGENE GOODSON,<br><br>Defendant. | Case No. CR07-0043<br><br>REPORT AND RECOMMENDATION REGARDING REQUEST TO WITHDRAW GUILTY PLEA |

TABLE OF CONTENTS

*I. INTRODUCTION*................................................. 1

*II. PROCEDURAL HISTORY*........................................ 2

*III. RELEVANT FACTS*............................................. 4

*IV. ANALYSIS*.................................................... 15

*V. CONCLUSION*.................................................. 20

*VI. RECOMMENDATION*............................................ 20

*I. INTRODUCTION*

On the 11th day of February 2008, this matter came on for hearing on the letter sent by Defendant to the Court (docket number 56) dated November 15, 2007, and filed with the Clerk of Court on November 20, 2007, as supplemented by the Supplement to Motion to Withdraw Guilty Plea (docket number 86) filed by Defendant on February 5, 2008. The Government was represented by Assistant United States Attorney Patrick J. Reinert. Defendant Tony Eugene Goodson appeared personally and was represented by his attorney, E. Daniel O'Brien.

## II. PROCEDURAL HISTORY

On July 26, 2007, Defendant was charged by Superseding Indictment (docket number 23) in three counts: Count 1 charges Defendant with distribution of crack cocaine within 1,000 feet of a truck stop; Count 2 charges Defendant with conspiracy to distribute crack cocaine; and Count 3 charges Defendant with possession with intent to distribute marijuana. The Superseding Indictment further alleges Defendant was previously convicted of two felony drug offenses, with notice given pursuant to 21 U.S.C. § 851. The Superseding Indictment also includes a forfeiture allegation pursuant to 21 U.S.C. § 853, which requires Defendant, if convicted, to forfeit any property derived from proceeds obtained from the unlawful distribution of crack cocaine and/or marijuana, specifically, $13,650 in United States currency.[1]

On August 1, 2007, Defendant was arraigned on the Superseding Indictment and pleaded not guilty to Count 3.[2] Trial was scheduled for September 17, 2007. Pursuant to Defendant's unresisted Motion to Continue Trial (docket number 29), however, trial was rescheduled for October 22, 2007.[3] On August 30, 2007, Defendant filed a second unresisted Motion to Reschedule Trial (docket number 34) and the trial was rescheduled for October 15, 2007.[4]

On October 4, 2007, Defendant filed Notice of Intent to Enter Guilty Plea (docket number 44). A change of plea hearing was held on October 11, 2007. At that hearing, Defendant pleaded guilty to Count 2 of the Superseding Indictment. On that same day, following the hearing, the undersigned filed a Report and Recommendation Concerning

---

[1] Defendant was initially charged by Indictment (docket number 1) on June 12, 2007. The Superseding Indictment was filed in order to add Count 3 and change a sentence in the forfeiture allegation. *See* Local Rule 7.1 Statement (docket number 24).

[2] Defendant pleaded not guilty to Counts 1 and 2 on June 19, 2007 at his first arraignment.

[3] *See* Order Continuing Trial and Rescheduling Status Hearing (docket number 30).

[4] *See* Order Rescheduling Trial (docket number 39).

2

Plea of Guilty (docket number 50), in which it was recommended that the district court accept Defendant's plea of guilty. On October 29, 2007, the district court filed an Order Regarding Magistrate's Report and Recommendation Concerning Defendant's Guilty Plea (docket number 53), accepting the report and recommendation and accepting Defendant's plea of guilty.

On November 20, 2007, the Court received a letter from Defendant stating that he "would like to withdraw [his] guilty plea." See Letter from Defendant (docket number 56). Initially, Defendant's pro se request for withdrawal of guilty plea was scheduled for hearing before Chief Judge Linda R. Reade.[5] Due to issues associated with Defendant's continued representation by Mr. Montgomery, however, the hearing was cancelled.[6] At the rescheduled hearing, Mr. Montgomery reported to the Court that he intended to file an application to withdraw. The application was granted and the hearing was again rescheduled.[7] Attorney E. Daniel O'Brien was subsequently appointed to represent Defendant at public expense and directed to file an amended motion to withdraw guilty plea.[8]

On February 5, 2008, Defendant filed a Supplement to Motion to Withdraw Plea of Guilty (docket number 86). Defendant claims that "he did not enter a knowing and voluntary plea of guilty" on October 11, 2007, and asserts that he is not guilty because he did not conspire to distribute over 50 grams of cocaine base and does not have two prior felony drug convictions. In its Resistance (docket number 88) filed on February 7, 2008, the Government argues that Defendant knowingly and voluntarily entered a plea of guilty

---

[5] See Order (docket number 57).

[6] See Order (docket number 61).

[7] See Order for Withdrawal of Appearance (docket number 69).

[8] See Order Rescheduling Hearing (docket number 81).

3

on October 11, 2007 and has not shown a fair and just reason to allow withdrawal of that plea.

## *III. RELEVANT FACTS*

On October 11, 2007, Defendant entered into a plea agreement with the Government. Under the terms of the agreement, Defendant agreed to plead guilty to Count 2 of the Superseding Indictment, which charged him with "conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, commonly known as 'crack cocaine,' after having been convicted of two or more prior felony drug offenses."[9] The agreement also alerted Defendant to the maximum penalty of mandatory life imprisonment without the possibility of parole.[10] To support a factual basis for the plea, Defendant stipulated to the following facts:

> 37. By initialing each of the following paragraphs, the defendant stipulates to the following facts. He agrees these facts are true and may be used to establish a factual basis for his guilty plea and sentence. . . . The defendant agrees that the stipulation below is a summary of the facts against him and does not constitute all of the facts the government would be able to prove at trial and may be able to prove to the court in accordance with this agreement.
>
> A. Between about January and March 2007, [Defendant], and others conspired, confederated and agreed to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base. The defendant joined in the agreement or understanding when it was first reached or while it was still in effect. When the defendant voluntarily and intentionally entered the agreement or understanding, he knew the purpose of the agreement or understanding was to distribute 50 grams or more of cocaine base.

---

[9] *See* Plea Agreement (docket number 49-2), ¶ 1.

[10] *Id.*

4

. . .

F.  On March 6, 2007, the confidential informant contacted Gates about obtaining two ounces of crack cocaine. Gates called a number of suppliers, including defendant, in Waterloo, Iowa. Defendant agreed to help Gates get the two ounces of crack cocaine. Defendant, in turn, contacted Maurice Moore to get the crack cocaine for Gates. Gates called the confidential informant and invited the confidential informant and agent to come to Waterloo, Iowa, to get the crack cocaine. While at the Flying J Travel Plaza in Elk Runs Heights, Moore provided the approximately two ounces of crack cocaine to defendant who left it in the restroom for Gates. Gates retrieved the crack cocaine and delivered it to the confidential informant. This transaction was monitored and surveilled by law enforcement officers. This substance was tested and found to be 53.5 grams of cocaine base, commonly called "crack cocaine."

. . .

H.  On March 6, 2007, defendant was advised of his rights and waived those rights. In his interview he admitted being called by Gates to obtain two ounces of crack cocaine. Defendant stated he called Maurice Moore to get the crack and set the meeting location[.] . . .

I.  Defendant has previously been convicted of the following offenses:

   (1) On September 22, 1993, defendant was convicted of possession with intent to deliver cocaine, in Black Hawk County District Court, No. FECR 038305; and

   (2) On September 22, 1993, defendant was convicted of delivery of cocaine, in Black

5

Hawk County District Court, No. FECR 038239.

J.     Michael Gates met defendant while they were incarcerated in the Iowa Prison System. After Gates was released, he began having transactions with the defendant to purchase crack cocaine. In addition to the controlled transaction on March 6, 2007, Gates purchased one-ounce quantities of crack cocaine on at least four occasions from defendant, totaling at least 113.49 grams of cocaine base.

K.     Maurice Moore is a life-long acquaintance of defendant. Moore was also incarcerated with defendant and Gates in the Iowa Prison System. Upon being released in 2004, Moore began purchasing two-ounce quantities of crack cocaine from defendant every two weeks for a one-year period of time, totaling 52 ounces (1.474 kilograms) of cocaine base. Subsequently, defendant approached Moore to obtain crack cocaine. Moore sold defendant five ounces of crack cocaine on five different occasions, totaling 25 ounces (708.5 grams) of cocaine base. . . .

Plea Agreement (docket number 49-2), ¶ 37A, F, H, I, J, K.[11]

A change of plea hearing was held on October 11, 2007. Defendant was placed under oath, and, after being questioned in that regard, advised the Court that he was able to understand the proceedings.[12] The Court also explained to Defendant his right to a jury

---

[11] Michael Gates and Maurice Moore were Defendant's co-conspirators. Gates and Moore were charged by Indictment (docket number 3) in case number 07-cr-00015-LRR. Moore pleaded guilty to Count 8 of the Indictment, conspiracy to distribute 50 grams or more of crack cocaine, on April 18, 2007. On the following day, April 19, 2007, Gates also pleaded guilty to Count 8 of the Indictment. On August 17, 2007, Moore was sentenced to 204 months in prison and Gates was sentenced to 400 months in prison.

[12] The Court addressed Defendant:

(continued...)

trial, presumption of innocence, right to confrontation, right to present a defense, and right to remain silent. Defendant indicated that he understood those rights.[13]

Next, the Court established the existence of an adequate factual basis for Defendant's plea. The Court explained to the Defendant that Count 2 of the Superseding Indictment charged him with conspiracy to distribute 50 grams or more of crack cocaine after having previously been convicted of two felony drug offenses. The Court informed Defendant of the three elements the Government would have to show in order to prove conspiracy. Defendant indicated that he understood the three elements the Government needed to prove conspiracy and admitted that those elements were true.[14] The Court also

---

[12](...continued)

| | |
|---|---|
| THE COURT: | If you have any problems hearing me today or if you don't understand anything that comes up during the course of this hearing, will you please ask me to repeat it or explain it? |
| DEFENDANT: | Yup. |
| | . . . |
| THE COURT: | Is there any other reason that you know of why you might have difficulty understanding the proceedings today? |
| DEFENDANT: | Nope. |
| THE COURT: | Mr. Montgomery, do you have any reason to believe that the Defendant is not competent to enter a plea of guilty to the charge? |
| MONTGOMERY: | No reason, Your Honor. |

See Transcript from Change of Plea Hearing (Government's Exhibit 1), p. 4, l. 25 - p. 5, l. 4, and p. 5, l. 20 - p. 6, l. 2.

Mr. Montgomery represented Defendant at the change of plea hearing. He filed a motion to withdraw as Defendant's attorney on December 20, 2007. See Application to Withdraw as Counsel (docket number 67). On January 3, 2008, the Court granted Mr. Montgomery's Application to Withdraw as Counsel. See Order Regarding Appointment of Successor Counsel (docket number 70). E. Daniel O'Brien was appointed to represent Defendant on January 22, 2008 and continues to represent him at this time. See CJA Appointment (docket number 77).

[13] See Transcript from Change of Plea Hearing (Government's Exhibit 1), p. 6, l. 24 - p. 9, l. 3.

[14] See Transcript from Change of Plea Hearing (Government's Exhibit 1), p. 9, l. 10 - p. 10, l. 17.

addressed Defendant regarding the additional things the Government would need to prove in order to subject him to enhanced penalties:

| | |
|---|---|
| THE COURT: | Now, in order to subject you to the enhanced penalties, the Government would also have to prove two additional things. First, that the conspiracy involved 50 grams or more of cocaine base. Do you understand that element? |
| DEFENDANT: | Yeah. |
| THE COURT: | And do you admit that element is true? |
| DEFENDANT: | I don't know how much it was. |
| THE COURT: | Do you have any reason to believe that it was not 50 grams or more? |
| DEFENDANT: | Yeah, I do. |
| AUSA REINERT: | Your Honor, if you look at the -- perhaps the Defendant can as well -- at paragraph 37F of the plea agreement, the quantity that was actually delivered on that last day on March 6th was tested by the lab and the lab weight was 53.5 grams of cocaine base; commonly known as crack cocaine. |
| DEFENDANT: | That's what they say, yeah. |
| THE COURT: | Does that sound right, Mr. Goodson? |
| DEFENDANT: | Yeah. |
| THE COURT: | The Government would also have to prove that you have previously been convicted of two or more felony drug offenses and they refer to two charges in Black Hawk County with conviction dates of September 22, 1993. The first being for possession with intent to deliver cocaine, No. FECR 038305, and the second being for delivery of cocaine, No. FECR 038239. Do you admit that you were convicted of those two prior felony drug offenses? |
| MONTGOMERY: | Your Honor, may we have one moment? |

| | |
|---|---|
| THE COURT: | Sure. Mr. Montgomery, I can overhear your conversation. As I understand it, you believe you're only convicted of one of those offenses? |
| DEFENDANT: | Yes, I was. |
| THE COURT: | Presumably, this is a matter of public record. Mr. Montgomery, have you checked the record in Black Hawk County? |
| MONTGOMERY: | Your Honor, yes, and this presented an issue early on and I assured Mr. Goodson that what I would do is personally go to Black Hawk County and retrieve the file from the archives in Black Hawk County, which I did. . . . [Defendant] entered a plea of guilty in FECR 038305 to two counts. One was the possession count, for which he received ten years. One was a five year tax stamp. At the same time, he entered a plea to the FECR 038239 to two counts. One count of delivery -- the August 23, 1990, offense -- and one count of delivery -- the September 6, 1990, offense. On the first one, in FECR 038305, he received ten years on the possession and five years on the tax stamp to run concurrently, and the separate district case # 038239, he received ten years on each of the two counts. All to -- to run concurrently with each other and to run concurrently with the ten and five years on FECR 038305. . . . I reviewed the document and actually saw the original document that had his original signature on it. I was not able to check the file out and bring it to him, so I only reviewed it personally and made notes and discussed it with him. He has not seen the public documents himself. |

. . .

| | |
|---|---|
| THE COURT: | So there are four convictions for three incidents which were charged in two files? |
| MONTGOMERY: | Correct. All charged on the same day, all pled on the same day, and all sentenced on the same day, and all apparently sentences running concurrent with each other. |
| THE COURT: | Mr. Goodson, I understand that this was 14 years ago and you haven't had a chance to look at the files yourself. Do you have any reason to doubt that your attorney's representation of what the file reflects is accurate? |
| DEFENDANT: | No. I know I haven't been arrested for all of that stuff. I've been arrested one time for possession and that was it. And they gave me the tax stamp thing. All that other stuff, I don't know about. I never been arrested for. |
| THE COURT: | And that sounds consistent with what your attorney had indicated. That you were arrested and charged with the possession with intent to deliver and tax stamp and then apparently while that charge was pending or sometime following your arrest on that charge, additional charges were brought for an earlier incident or two earlier incidents and apparently you weren't separately arrested for that, but according to him, those did proceed to guilty pleas and judgment and convictions being entered according to his personal review of the file. Do you have any reason to doubt that? |
| DEFENDANT: | Yeah, because I mean if they had explained that to me when I was pleading |

10

> in this, I would have understood it, but
> they didn't explain none of that. They
> didn't bring none of that up, so I'm not
> going to say I did something I didn't do.

Transcript from Change of Plea Hearing (Government's Exhibit 1), p. 10, l. 18 - p. 16, l. 9.

Following this colloquy, the Court, Montgomery, and AUSA Reinert discussed whether an actual factual basis for Defendant's plea could be established if Defendant was unable to admit that he had two prior felony drug convictions.[15] During a short recess, Defendant and his counsel discussed the issue. When the hearing resumed, Defendant admitted he had two prior felony convictions.

> THE COURT: And, Mr. Goodson, it is not necessary that you admit the allegations that gave rise to the charges or that you -- that you were separately arrested for the charges. It is, however, necessary that we establish that convictions were entered for at least two prior felony drug convictions. Do you now admit that you have two prior felony drug convictions?
> DEFENDANT: Yeah.

Transcript from Change of Plea Hearing (Government's Exhibit 1), p. 23, ll. 5 - 12.

Next, the Court discussed the plea agreement with Defendant. Defendant confirmed that it was his signature on the plea agreement and confirmed that his attorney reviewed the agreement with him before he signed it.[16] The Court also asked Defendant:

> THE COURT: Do you believe that you understand all of the information contained [in the plea agreement]?
> DEFENDANT: Yes, sir.

---

[15] *See* Transcript from Change of Plea Hearing (Government's Exhibit 1), pp. 16-22.

[16] Transcript from Change of Plea Hearing (Government's Exhibit 1), p. 24, ll. 4-10.

| THE COURT: | Do you have any questions about the plea agreement? |
|---|---|
| DEFENDANT: | No, sir. |

Transcript from Change of Plea Hearing (Government's Exhibit 1), p. 24, ll. 11-16.

The Court next asked Defendant whether he admitted the truth of the allegations contained in paragraph 37, including subparagraphs A-K.[17] Defendant admitted the truth of paragraph 37, including subparagraphs A-K, except subparagraphs J and K; he only admitted that Michael Gates would testify to the information in subparagraph J and Maurice Moore would testify to the information in subparagraph K.[18] The Court then addressed the Government and Defendant's attorney:

| THE COURT: | Mr. Reinert, do you believe that I have accurately described the elements of the offense as set forth in Count Two? |
|---|---|
| AUSA REINERT: | Yes, Your Honor. |
| THE COURT: | Do you believe that I have established an adequate factual basis for Defendant's plea of guilty to Count Two? |
| AUSA REINERT: | Yes, Your Honor. Relying upon the balance of paragraph 37, that sets forth an adequate factual basis. |
| THE COURT: | And, Mr. Montgomery, do you believe that your client understands the elements of the charge against him? |
| MONTGOMERY: | Yes, Your Honor. |
| THE COURT: | Do you believe that I've established an adequate factual basis for the plea to Count Two? |
| MONTGOMERY: | Yes, Your Honor. |
| THE COURT: | Have you had full access to the Government's discovery materials? |
| MONTGOMERY: | Yes, Your Honor. |

---

[17] Subparagraphs A-K outline of the factual basis for the plea.

[18] *See* Transcript from Change of Plea Hearing (Government's Exhibit 1), pp. 24-26.

| THE COURT: | Do you believe that they support a factual basis for a plea of guilty to Count Two? |
| --- | --- |
| MONTGOMERY: | Yes. |

Transcript from Change of Plea Hearing (Government's Exhibit 1), p. 26, l. 5 - p. 27, l. 2.

Next, the Court discussed with Defendant the penalties applicable in his case. The Court informed Defendant that the charge he was pleading guilty to carried a statutory mandatory minimum life sentence.[19] Defendant indicated to the Court that he understood the penalties applicable in his case.[20]

The hearing ended with the following colloquy:

| THE COURT: | Has anyone forced or pressured you to plead guilty or made any promises to get you to plead guilty, other than what's in the plea agreement and the record made here today? |
| --- | --- |
| DEFENDANT: | Nope. |
| THE COURT: | Mr. Montgomery, do you believe that a guilty plea by your client to Count Two would be voluntary? |
| MONTGOMERY: | Yes, Your Honor. |

---

[19]The Court advised Defendant:

| THE COURT: | [T]he charge that you're pleading guilty to has a statutory mandatory minimum life sentence. So Judge Reade would be required to sentence you to life in prison unless the Government makes a motion for downward departure based on substantial cooperation or the fact as listed in Section 3553(e). Even if the Government makes such a motion, Judge Reade would not be required to depart from the mandatory minimum sentence and, therefore, you could be sentenced to life in prison in this case. Do you understand all of that? |
| --- | --- |
| DEFENDANT: | Yeah. |

Transcript from Change of Plea Hearing (Government's Exhibit 1), p. 32, l. 17 - p. 33 l. 2.

[20] *See* Transcript from Change of Plea Hearing (Government's Exhibit 1), pp. 27-33.

13

| | |
|---|---|
| THE COURT: | Do you know of any legal reason why the plea should not be accepted? |
| MONTGOMERY: | No, Your Honor. |
| THE COURT: | Do you know of anything I have omitted which could affect the validity of the plea? |
| MONTGOMERY: | No, Your Honor. |
| THE COURT: | Mr. Reinert, are you aware of anything the Court has omitted which could affect the validity of the plea? |
| AUSA REINERT: | No, Your Honor. |
| THE COURT: | Mr. Goodson, do you have any questions about anything we've talked about here today? |
| DEFENDANT: | Nope. |
| THE COURT: | Is it still you desire to plead guilty to Count Two? |
| DEFENDANT: | Yup. |
| THE COURT: | Then formally and for the record, how do you plead to the count of conspiracy to distribute crack cocaine; guilty or not guilty? |
| DEFENDANT: | Guilty. |

Transcript from Change of Plea Hearing (Government's Exhibit 1), p. 35, l. 12 - p. 36, l. 15.

At the instant hearing, held on February 11, 2008, Defendant testified that he disagreed with two parts of the plea agreement that he initialed and signed on October 11, 2007. Specifically, Defendant disputed that he had two prior felony drug convictions and that 50 grams or more of cocaine base was involved in the conspiracy charge against him. According to Defendant, he signed and initialed the plea agreement because his attorney at the time of the plea change hearing pressured him to sign it, told him he had to agree to everything in the agreement for the plea to be accepted, and told him that it was the right thing to do. Defendant also testified that he did not understand that he was pleading guilty to an offense which included a mandatory statutory life sentence. Lastly, Defendant

testified that he was confused during the plea change hearing and his attorney at that hearing pressured him to plead guilty.[21]

On cross-examination, Defendant admitted that he had been contacted by Gates to obtain two ounces of crack cocaine and he, in turn, contacted Moore to obtain the two ounces. Defendant would not concede that two ounces constitutes about fifty-six grams, however, stating that "I don't deal in cocaine." Defendant also admitted that he understood that the laboratory found more than fifty grams of crack cocaine, "but I don't agree with it." According to Defendant, his attorney pressured him in the plea agreement "into initialing things and agreeing with it." Defendant denied agreeing after a recess during the plea change hearing that he had two prior felony drug convictions. Defendant also denied recalling the court explaining the sentencing guidelines to him at the plea change hearing. Defendant admitted, however, his "involvement" in obtaining two ounces of crack cocaine for Gates at the Flying J truck stop.

## IV. ANALYSIS

Federal Rule of Criminal Procedure 11(d) provides in pertinent part:

> (d) Withdrawing a Guilty or Nolo Contendere Plea. A defendant may withdraw a plea of guilty or nolo contendere:
>
> . . .
>
> > (2) after the court accepts the plea, but before it imposes sentence if:
> >
> > . . .
> >
> > > (B) the defendant can show a fair and just reason for requesting the withdrawal.

FED. R. CRIM. P. 11(d)(2)(B). *See* also United *States v. Maxwell*, 498 F.3d 799, 800 (8th Cir. 2007) ("A defendant may withdraw a guilty plea after the court accepts the plea, and before sentencing if he demonstrates '"a fair and just reason" for the withdrawal.'") (quoting *United States v. Mugan*, 441 G.3d 622, 630 (8th Cir. 2006)). "The 'fair and just'

---

[21]When asked at the plea change hearing whether he was "generally satisfied" with the representation he received from his attorney, however, Defendant responded, "Yeah." *See* Transcript from Change of Plea Hearing (Government's Exhibit 1), p. 6, ll. 21-23.

standard is a liberal one, but it does not create an automatic right to withdraw a plea." *United States v. Smith*, 422 F.3d 715, 723 (8th Cir. 2005) (citing *United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996)). "The defendant bears the burden of proving why one of the recognized justifications should permit a withdrawal of what he had solemnly made under oath." *Smith*, 422 F.3d at 723-24 (citing *United States v. Morales*, 120 F.3d 744, 747-48 (8th Cir. 1997)). "A guilty plea is a solemn act not to be set aside lightly." *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997) (citing *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992)). In addition to considering the "fair and just reason" standard, a court may also consider (1) any assertions of legal innocence, (2) the amount of time between the guilty plea and the motion to withdraw, and (3) the prejudice to the government in granting the motion. *Maxwell*, 498 F.3d at 801 (citation omitted). The Court is not required to address the additional factors if the defendant fails to show a fair and just reason for withdrawing his or her plea. *Id.* (citing *United States v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005)).

Defendant argues that he did not enter a knowing and voluntary plea of guilty and is innocent because he did not conspire to distribute over 50 grams of cocaine base and does not have two prior felony drug convictions. Thus, Defendant maintains that he has articulated a "fair and just" reason for withdrawal of his guilty plea. Defendant also argues that the time between his guilty plea and his motion to withdraw the plea is minimal because the guilty plea was accepted by the district court on October 26, 2007, and his letter requesting withdrawal of the plea is dated November 15, 2007. Lastly, Defendant asserts that the Government would not be prejudiced by a withdrawal of his guilty plea.

In order to be constitutionally valid, "a guilty plea must be knowing, voluntary, and intelligent." *United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999). FED. R. CRIM. P. 11 requires a court which takes a guilty plea to conduct a colloquy with the defendant to ensure that the district court only accepts a knowing, voluntary, and intelligent guilty plea. *Id. See* FED. R. CRIM. P. 11(b)(1), (2), (3) (requiring the court to

advise the defendant of the rights he or she is giving up by pleading guilty, question the defendant regarding the voluntariness of his or her decision to plead guilty, and determine that a factual basis exists for the plea).

The transcript from the plea change hearing held on October 11, 2007, demonstrates that the Court complied with FED. R. CRIM. P. 11(b). Defendant was advised of the rights he was giving up by pleading guilty and acknowledged that he understood that he was giving up those rights.[22] The Court informed Defendant of the three elements of the charge of conspiracy, and Defendant indicated that he understood the elements and admitted that the allegations were true.[23] The Court explained to Defendant the maximum penalties associated with his guilty plea.[24] The Court found that Defendant was competent to enter a guilty plea.[25] The Court determined that Defendant's plea was voluntary, and Defendant assured the Court that he was not forced, pressured, or given promises to plead guilty.[26] Lastly, the Court established a factual basis for Defendant's plea. Contrary to Defendant's argument in his motions and at the instant hearing, Defendant admitted during the plea change hearing that the laboratory report regarding the amount of cocaine base

---

[22] *See* Transcript from Change of Plea Hearing (Government's Exhibit 1), pp. 6-9.

[23] *Id.* at 9-10.

[24] *Id.* at 27-34.

[25] *Id.* at 4-6.

[26] The Court addressed Defendant as follows:
| | |
|---|---|
| THE COURT: | Has anyone forced or pressured you to plead guilty or made any promises to get you to plead guilty, other than what's in the plea agreement and the record made here today? |
| DEFENDANT: | Nope? |
| THE COURT: | Mr. Montgomery, do you believe that a guilty plea by your client to Count Two would be voluntary? |
| MONTGOMERY: | Yes, Your Honor. |

*Id.* at 35.

"sounds right."[27] Defendant also admitted that he had two prior felony drug convictions after a recess where he was allowed to view certified copies of the two prior convictions.[28] Additionally, at the instant hearing, Defendant admitted that he arranged for Moore to supply Gates with two ounces of crack cocaine. This admission is significant because two ounces of crack cocaine amounts to a little more than 56 grams.

The Court finds that Defendant's guilty plea on October 11, 2007, was both knowing and voluntary. In addition, there was a factual basis for the plea. Accordingly, the Court finds that Defendant has failed to articulate a "fair and just" reason for withdrawal of his guilty plea. *See United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992) ("When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty

---

[27] The Transcript from the Change of Plea Hearing, at page 11 provides:

| | |
|---|---|
| AUSA REINERT: | Your Honor, if you look at the -- perhaps the Defendant can as well -- at paragraph 37F of the plea agreement, the quantity that was actually delivered on that last day on March 6th was tested by the lab and the lab weight was 53.5 grams of cocaine base; commonly known as crack cocaine. |
| DEFENDANT: | That's what they say, yeah. |
| THE COURT: | Does that sound right, Mr. Goodson? |
| DEFENDANT: | Yeah. |

*Id.* at 11, ll.6-14.

[28] The Transcript from the Change of Plea Hearing, at page 23 provides:

| | |
|---|---|
| THE COURT: | . . . it is not necessary that you admit the allegations that gave rise to the charges or that you -- that you were separately arrested for the charges. It is, however, necessary that we establish that convictions were entered for at least two prior felony drug convictions. Do you now admit that you have two prior felony drug convictions? |
| DEFENDANT: | Yeah. |

*Id.* at 23, ll. 5-12.

plea should seldom arise.' *United States v. Rawlins*, 440 F.2d 1043, 1046 (8th Cir. 1971)).").

Even though it is unnecessary to consider the other factors for determining whether Defendant should be allowed to withdraw his guilty plea, the Court will address Defendant's innocence, timing, and prejudice arguments. *See Maxwell*, 498 F.3d at 801 (a court is not required to address the additional factors if the defendant fails to show a fair and just reason for withdrawing his or her plea). Defendant's claim to innocence is simply that "he is innocent in that he did not conspire to distribute over 50 grams of cocaine base nor does he have two separate drug felonies."[29] The Court finds this argument to be without merit. In discussing Defendant's "fair and just" reason argument, the Court found that Defendant admitted to conspiring to distribute 50 or more grams of cocaine base, and admitted that he had two prior felony drug convictions at the plea change hearing. These admissions are supported by the record. The laboratory report confirms that the crack cocaine distributed on March 6, 2007, exceeded fifty grams and the certified court records from Black Hawk County established that Defendant had more than two prior felony drug convictions. Therefore, Defendant has no claim to innocence. *See United States v. Ludwig*, 972 F.2d 948, 951 (8th Cir. 1992) (a defendant who fails to present evidence to support his or her claim of innocence cannot overturn a denial of motion to withdraw a guilty plea on innocence grounds). Defendant also argues that the timing of his motion is not significant and the Government would not be prejudiced by allowing him to withdraw his plea. Although the time between the Court's acceptance of Defendant's guilty plea and his request to withdraw that plea is relatively short, and the prejudice to the Government in allowing Defendant to withdraw his plea would likely be minimal, the Court finds that when balancing these factors against Defendant's failure to articulate a "fair and just" reason for withdrawal of his guilty plea and his meritless innocence claim, Defendant's motions should be denied.

---

[29] *See* Supplement to Withdraw Guilty Plea (docket number 85) at 2 (¶ 6).

## V. CONCLUSION

The Court finds that Defendant's plea of guilty at the change of plea hearing held on October 11, 2007, was knowing and voluntary. The Court further finds that Defendant failed to meet his burden of establishing a "fair and just" reason for withdrawal of his guilty plea. Therefore Defendant's Pro Se Request to Withdraw Guilty Plea and Supplement to Motion to Withdraw Guilty Plea should be denied.

## VI. RECOMMENDATION

For the reasons set forth above, I respectfully recommend that the district court **DENY** the Request to Withdraw Guilty Plea (docket number 56) filed by Defendant pro se on November 20, 2007 and the Supplement to Motion to Withdraw Guilty Plea (docket number 86) filed by Defendant on February 5, 2008.

The parties are advised, pursuant to 18 U.S.C. § 636(b)(1)(B), that within ten (10) days after being served with a copy of these proposed findings and recommendations, any party may serve and file written objections with the district court. *Defendant is reminded that pursuant to Local Rule 72.1, "[a] party asserting such objections must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections." Accordingly, if Defendant is going to object to this Report and Recommendation, he must promptly order a transcript of the hearing held on February 11, 2008.*

DATED this 19th day of February, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA