# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TONY EUGENE GOODSON, <br><br> Defendant. | No. 07-CR-43-LRR <br><br> **ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendant Tony Eugene Goodson's Objection to Report and Recommendation Regarding Request to Withdraw Guilty Plea (" Objection") (docket no. 92). Essentially, Defendant objects to the Report and Recommendation (docket no. 90), which recommends denying his pro se Motion Requesting Withdrawal of Guilty Plea ("Motion") (docket no. 56).

## *II. PROCEDURAL HISTORY*

On July 26, 2007, the grand jury returned a three-count Superseding Indictment against Defendant. Count 1 charges that, on or about March 6, 2007, Defendant, after having been convicted previously of two felony drug offenses, knowingly and intentionally distributed 53.5 grams of a mixture or substance containing a detectable amount of cocaine base, within 1,000 feet of a truck stop or safety rest area, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), 21 U.S.C. § 849 and 21 U.S.C. § 851. Count 2 charges that, between about January of 2007 and March 6, 2007, Defendant, after having been convicted previously of two felony drug offenses, knowingly and intentionally conspired to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), 21 U.S.C. § 846 and 21 U.S.C. § 851. Count 3 charges that, on or about March 6, 2007, Defendant, after having been convicted previously of two felony drug offenses, knowingly

and intentionally possessed with the intent to distribute approximately 969.8 grams of marijuana, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(D) and 21 U.S.C. § 851. The Superseding Indictment also includes a Forfeiture Allegation.

On October 11, 2007, Defendant and the government entered into a plea agreement ("Plea Agreement"). On the same date, Defendant and his attorney, Robert P. Montgomery, appeared before United States Magistrate Judge Jon Stuart Scoles for his plea hearing ("Plea Hearing"). Assistant United States Attorney Patrick Reinert appeared on behalf of the government. At the Plea Hearing, Defendant pleaded guilty to Count 2 of the Superseding Indictment ("Guilty Plea"). On the same date, Judge Scoles filed a Report and Recommendation (docket no. 50), recommending that the court accept Defendant's Guilty Plea. Defendant did not file objections. On October 26, 2007, the undersigned signed an order accepting the Report and Recommendation (docket no. 53).

On November 20, 2007, Defendant, while still represented by counsel, filed the Motion. On February 5, 2008, Defendant, through his newly appointed attorney, E. Daniel O'Brien, filed a Supplement to Motion to Withdraw Guilty Plea (docket no. 86). On February 7, 2008, the government filed a Resistance (docket no. 88). On February 11, 2008, Judge Scoles held a hearing on the Motion.

On February 19, 2008, Judge Scoles entered the Report and Recommendation, in which he recommended that the Motion be denied. On February 29, 2008, Defendant filed the Objection. The court finds the matter fully submitted and ready for review.

### III. STANDARD OF REVIEW

A district court judge must make a *de novo* determination of those portions of a magistrate judge's report or recommendation to which a party objects. 28 U.S.C. § 636(b)(1); *see, e.g., United States v. Uscanga-Ramirez*, 475 F.3d 1024, 1027 (8th Cir. 2007) (stating that *de novo* review is "required"). The judge may accept, reject or modify, in whole or in part, the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1).

Federal Rule of Criminal Procedure 59 similarly explains that "[a] district judge may refer to a magistrate judge for recommendation . . . any matter that may dispose or a charge or defense. The magistrate judge must promptly conduct the required proceedings." Fed. R. Crim. P. 59(b)(1). Thereafter, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2). "The district judge must consider *de novo* any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

Because Defendant made a timely and specific objection in this case, the following *de novo* review is required. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

## IV. THE MERITS

### A. Findings of Fact

Defendant did not object to the findings of fact that Judge Scoles included in the Report and Recommendation. After a *de novo* review of the record, the court adopts Judge Scoles's findings of fact in the Report and Recommendation.

### B. Relevant Law

Federal Rule of Criminal Procedure 11(d) provides in relevant part:

> (d) Withdrawing a Guilty or Nolo Contendere Plea. A defendant may withdraw a plea of guilty or nolo contendere:
>
> . . .
>
> > (2) after the court accepts the plea, but before it imposes sentence if:
>
> . . .
>
> > > (B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed. R. Crim. P.11(d)(2)(B); *see also United States v. Maxwell*, 498 F.3d 799, 800 (8th Cir. 2007) ("A defendant may withdraw a guilty plea after the court accepts the plea, and before sentencing if he demonstrates '"a fair and just reason" for the withdrawal.'")

3

(quoting *United States v. Mugan*, 441 F.3d 622, 630 (8th Cir. 2006)). Under Rule 11(d)(2)(B), the "standard is a liberal one, but it does not create an automatic right to withdraw a plea." *United States v. Smith*, 422 F.3d 715, 723 (8th Cir. 2005) (citing *United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996)). "A guilty plea is a solemn act not to be set aside lightly." *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997) (citing *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992)). "The defendant bears the burden of proving why one of the recognized justifications should permit a withdrawal of what he had solemnly made under oath." *Smith*, 422 F.3d at 723-24 (citing *United States v. Morales*, 120 F.3d 744, 747-48 (8th Cir. 1997)). Case law has expanded the scope of the analysis: in addition to considering the "fair and just reason" standard, a court may also consider (1) any assertions of legal innocence, (2) the amount of time between the guilty plea and the motion to withdraw, and (3) the prejudice to the government in granting the motion. *Maxwell*, 498 F.3d at 801 (citation omitted). If a defendant fails to show a fair and just reason for withdrawing his or her plea, the court need not address these additional three factors. *Id.* (citing *United States v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005)).

In order to be constitutionally valid, "a guilty plea must be knowing, voluntary, and intelligent." *United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999). Rule 11 requires a court, which takes a guilty plea, to conduct a colloquy with the defendant to ensure that the court only accepts a knowing, voluntary, and intelligent guilty plea. *Id.*; *see also* Fed. R. Crim. P. 11(b)(1), (2), (3) (requiring the court to advise the defendant of the rights he or she is giving up by pleading guilty, question the defendant regarding the voluntariness of his or her decision to plead guilty, and determine that a factual basis exists for the plea).

### C. Analysis

In the Objection, Defendant propounds essentially one objection to the Report and Recommendation, that is, Defendant disagrees with Judge Scoles's finding that he has two

4

or more prior felony drug convictions. Defendant suggests that the government retains the burden to prove the existence of such convictions. Broadly, this amounts to an assertion that Defendant is innocent of Count 2.

A defendant, who makes a motion to withdraw a guilty plea on the basis of actual innocence, bears the burden of producing evidence to support his or her claim of innocence. *United States v. Ludwig*, 972 F.2d 948, 950 (8th Cir. 1992). "An assertion of innocence-even a swift change of heart after the plea-does not constitute a fair and just reason to grant withdrawal." *Morrison*, 967 F.2d at 268 (quotations omitted). A defendant's stipulation of facts at a plea hearing may form a sufficient evidentiary basis for his or her guilt. *Maxwell*, 498 F.3d at 801. A defendant's assertion of innocence does not constitute a fair and just reason to withdraw a guilty plea if there exists a sufficient evidentiary basis for a defendant's guilt. *Id*. at 802. Indeed, when a defendant admits "guilt to all of the elements of the charge and in [the] stipulation of facts, [his or her] post-plea claims of factual insufficiency and innocence are unavailing." *United States v. Jones*, 111 F.3d 597, 601 (8th Cir. 1997).

Defendant does not meet his burden. *Ludwig*, 972 F.2d at 950. His assertion of innocence "does not constitute a fair and just reason to grant withdrawal[,]" *see Morrison*, 967 F.2d at 268 (quotations omitted), because his admissions at the Plea Hearing provide a sufficient evidentiary basis for his Guilty Plea, *see Maxwell*, 498 F.3d at 801-02. Specifically, Defendant stipulated at the Plea Hearing to having been convicted previously of two felony drug offenses. *See Jones*, 111 F.3d at 601. In light of the fact that Defendant has produced no evidence to undermine the finding that he has been convicted previously of at least two felony drug offenses, *see Ludwig*, 972 F.2d at 951, Defendant may not now challenge the evidentiary basis for the Guilty Plea, *Maxwell*, 498 F.3d at 802. Therefore, the court shall overrule the objection and adopt the well reasoned analysis set forth in the Report and Recommendation.

## V.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED**:

(1) The Objections (docket no. 92) are **OVERRULED**;

(2) Judge Scoles's Report and Recommendation (docket no. 90) is **ADOPTED**; and

(3) Defendants' Motion (docket no. 56) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 11th day of March, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA