IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 07-CR-43-LRR |
| ) | |
| vs. ) | |
| ) | |
| TONY EUGENE GOODSON, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO DEFENDANT'S MOTION FOR REDUCED SENTENCE PURSUANT TO THE FIRST STEP ACT**

The United States files its response to defendant's motion for reduced sentence pursuant to Section 404 of the First Step Act, Public Law 115-391, 132 Stat 5194 (2018) ("First Step Act"). For the reasons stated below, the government resists defendant's motion. Further, if the Court grants a reduction, the new sentence should be no less than 360 months imprisonment—the bottom of the guidelines range that would apply had the Fair Sentencing Act been in effect at the time of defendant's sentencing.

**TABLE OF CONTENTS**

I.   **DEFENDANT'S CONVICTION AND SENTENCE** ................................... 2

II.  **THE FIRST STEP ACT** ........................................................................... 3

III. **A REDUCTION IS NOT APPROPRIATE BECAUSE THE DRUG QUANTITY INVOLVED IN THE OFFENSE OF CONVICTION (NOT RELEVANT CONDUCT) EXCEEDED 280 GRAMS** ................................. 4

    A.   *Apprendi* and *Alleyne* Have No Applicability to Sentence Reduction Proceedings ......................................................................... 7

1

    B.    Based on Drug Quantity, Defendant Would Have Been Subject to the Same Statutory Penalties Even if the Fair Sentencing Act Had Been in Effect ................................................................................... 9

IV.    ALTERNATIVELY, THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY RELIEF ............................................................... 13

V.    IF A REDUCTION IS GRANTED, THE AMENDED SENTENCE SHOULD NOT BE LESS THAN 360 MONTHS .......................................... 15

VI.    A HEARING IS NOT NECESSARY ............................................................ 16

VII.    CONCLUSION ............................................................................................ 18

## I. DEFENDANT'S CONVICTION AND SENTENCE

In October 2007, defendant Tony Goodson, pursuant to a plea agreement, pled guilty to conspiracy to distribute 50 grams or more of cocaine base after having been convicted of two or more prior felony drug offenses, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851. (Docket # 49). Because the government filed a notice of multiple prior drug felonies, pursuant to 21 U.S.C. § 851, this charge was punishable by a mandatory sentence of life imprisonment. Because of this statutory penalty, the guidelines range was increased to life imprisonment. (PSR ¶ 82). In August 2008, the court sentenced defendant to a term of life imprisonment. (Docket # 112).

The scope of the conspiracy is described in the plea agreement and the presentence report in this case. The drug quantity involved in the conspiracy, as set forth in the presentence investigation report, was over 2.47 kilograms of crack cocaine. (PSR ¶ 22). Although defendant objected to some of this quantity, and the Court did not make a quantity finding at sentencing, defendant agreed in the plea agreement that he was responsible for at least 2.47 kilograms of crack cocaine.

2

(Docket # 49-2 at ¶ 14A). It is clear, from the factual stipulations and the factual portions of the presentence report, that this quantity was all part of the charged conspiracy. (*Id.*; PSR ¶¶ 13-22).

## II. THE FIRST STEP ACT

The First Step Act, enacted on December 21, 2018, authorizes retroactive application of part of the Fair Sentencing Act of 2010 ("FSA 2010") to certain defendants. Specifically, Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Section 404, Public Law 115-391, 132 Stat. 5194 (2018) (hereinafter cited as "First Step Act").

Section 3 of the FSA 2010 is not relevant to the motion currently before the Court.[1] Section 2 of the FSA 2010 increased the quantity of cocaine base, commonly called crack cocaine, necessary to trigger mandatory minimum sentences under 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B), as follows:

---

[1] Section 3 of the FSA 2010 eliminated the provision in 21 U.S.C. § 844(a) which had imposed a five-year mandatory minimum sentence for simple possession of five grams or more of crack cocaine.

| | Statutory Penalties[2] | Crack cocaine quantity pre-FSA 2010 | Crack cocaine quantity post-FSA 2010 |
|---|---|---|---|
| 841(b)(1)(A) | 10 years – life<br>20 years – life [single 851]<br>Mandatory life [double 851] | 50 grams | 280 grams |
| 841(b)(1)(B) | 5 years – 40 years<br>10 years – life [single 851]<br>10 years – life [double 851] | 5 grams | 28 grams |

Finally, the First Step Act makes a reduced sentence entirely discretionary, noting that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Section 404(c), First Step Act. In determining whether the Court should grant a sentence reduction to an eligible defendant, the Court may consider the presentence report and should assess the ordinary considerations pertinent to sentencing as set forth in 18 U.S.C. § 3553(a). In addition, under *Pepper v. United States*, 562 U.S. 476 (2011), the Court may consider post-offense conduct, either positive or negative, in assessing whether to adjust a previously imposed sentence.

### III. A REDUCTION IS NOT APPROPRIATE BECAUSE THE DRUG QUANTITY INVOLVED IN THE OFFENSE OF CONVICTION (NOT RELEVANT CONDUCT) EXCEEDED 280 GRAMS

Not all defendants who were convicted of a crack cocaine offense are eligible for a reduction under the First Step Act. The First Step Act authorizes courts to "impose a reduced sentence as if [the increased crack cocaine thresholds set forth in

---

[2] The FSA 2010 did not change any of the statutory penalties found under 21 U.S.C. § 841. Instead, it only changed the amount of crack cocaine necessary to trigger those penalties.

section 2 of the FSA 2010] were in effect at the time the covered offense was committed." Section 404(b), First Step Act. Therefore, Section 404 of the First Step Act permits a court to reduce a sentence only when the sentence was for a "covered offense" and only when the sentence was based on a statutory provision changed by Section 2 (or Section 3) of the FSA 2010. Stated differently, the First Step Act permits a court to act as if the provisions of the FSA 2010 increasing quantity thresholds were in effect at the time of sentencing, and nothing more. As recently stated by another court, "[i]n sum, the Court now may, but is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence." *United States v. Copple*, No. 17-CR-40011, 2019 WL 486440, *1 (S.D. Ill. Feb. 7, 2019) (unpublished).

The government agrees that defendant was convicted of a "covered offense." However, the First Step Act provides that the Court may "impose a reduced sentence *as if* sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." (emphasis added). In other words, any reduced sentence should reflect what the defendant's sentence would have been had the FSA 2010 crack cocaine thresholds been in effect when he or she committed the offense. Therefore, by necessary implication, the Court should not impose a reduced sentence when it is clear that the changes made by Sections 2 and 3 of the FSA 2010 (*i.e.*, the crack cocaine quantity thresholds) would have had no impact on the defendant's sentence. Instead, the Court must be convinced that, had the 28

5

and 280 gram quantity thresholds been in effect at the time of original sentencing, rather than the 5 and 50 gram thresholds, it would have "resulted in a sentence lower than the defendant's original sentence." *Copple*, 2019 WL 486440 at *1.[3]

Here, defendant admitted in his plea agreement, and therefore at the time of the plea hearing, that he was responsible for at least 2.47 kilograms of crack cocaine. (Docket # 49-2 at ¶ 14A). This quantity is significantly higher than the 50 grams required to trigger § 841(b)(1)(A) penalties prior to the FSA 2010, and significantly higher than the 280 grams required to trigger the same § 841(b)(1)(A) penalties after the enactment of the FSA 2010.

In a similar context, in assessing eligibility for a reduced sentence under 18 U.S.C. § 3582(c)(2) based on a retroactive guideline amendment, courts denied relief upon concluding that the offense involved a drug quantity supporting the same offense level both before and after the amendment. *See, e.g.*, *United States v. Anderson*, 707 F.3d 973, 975 (8th Cir. 2013). For similar reasons, the Court should deny relief here, because the offense involved a drug quantity supporting the same statutory penalties both before and after the FSA 2010.

---

[3] Indeed, a motion under Section 404 of the First Step Act should not place a defendant in a better situation than similarly situated defendants who were sentenced shortly after the amended crack cocaine thresholds were in effect. In analogous circumstances, the Supreme Court has noted that, under reduction motions pursuant to 18 U.S.C. § 3582(c)(2), the district court does "not impose a new sentence in the usual sense." *Dillon v. United States*, 560 U.S. 817, 827 (2010). Instead, according to the Court, the district court is required to determine the amended guideline range "that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id.* The reasoning in *Dillon* supports a similar analysis under the First Step Act.

A. *Apprendi* and *Alleyne* Have No Applicability to Sentence Reduction Proceedings

Defendant argues that considering judicially found drug quantity, or drug quantity admitted by the defendant in a plea agreement, but not charged in the Indictment, violates *Apprendi* and *Alleyne*.[4] However, the First Step Act only directs the court to examine a sentence as if Sections 2 and 3 of the FSA 2010 were in effect at the time, not to change the manner of determining quantity. And such a determination at this time does not offend *Apprendi* or *Alleyne*, as it does not involve any *increase* in a sentence based on judge-found facts. To the contrary, the First Step Act only authorizes a court to "reduce" a sentence. *See Dillon v. United States,* 560 U.S. 817 (2010) (holding that a court need not apply *Booker v. United States,* 543 U.S. 220 (2005), which rendered the Guidelines advisory, to remedy a violation of *Apprendi* where the court is considering only whether to reduce a sentence based on a retroactive guideline amendment). Therefore, *Apprendi* and *Alleyne* simply have no applicability to sentence reduction proceedings. They only apply when a sentence is being increased.

In *United States v. White,* 93-CR-97, 2019 WL 3719006, *20-21 (D.D.C., Aug. 6, 2019), the court identified three separate reasons why neither *Apprendi* nor *Alleyne* apply to a proceeding to reduce a sentence under Section 404 of the First Step Act. First, *Apprendi* and *Alleyne* do not apply because there is no mechanism under Section 404 to increase the statutory penalty range applicable to the

---

[4] *Apprendi v. New Jersey,* 530 U.S. 466 (2000); *Alleyne v. United States,* 570 U.S. 99 (2013).

defendant. As stated by the *White* court, "*Apprendi* and *Alleyne* do not prohibit consideration of the defendants' judge-found drug quantities in a sentence modification proceeding under Section 404 because the defendants' statutory penalty ranges cannot be increased." *Id.* at 21. Under Section 404, a defendant's sentence will either stay the same, or lower. Defendant "face[s] no possibility, let alone even a sliver of risk, that any factual matters may be considered mandating any increase in their already final sentences." *Id.*

Second, *Apprendi* and *Alleyne* do not apply because Section 404 relief is entirely discretionary. *Id.* at 23. "The exercise of discretion through Section 404 . . . does not implicate the Sixth Amendment." Because *Apprendi* and *Alleyne* are grounded in Sixth Amendment concerns, the discretionary nature of a Section 404 reduction is a second reason that *Apprendi* and *Alleyne* have no applicability here.

Third, neither *Apprendi* nor *Alleyne* apply retroactively. As stated by the court in *White*:

> In seeking application of the Apprendi/Alleyne rule in this sentence-modification proceeding, the defendants raise collateral attacks on the constitutionality of their original sentencings.
>
> [ . . . ]
>
> This argument amounts to using Section 404's limited congressional act of lenity for a collateral attack on their convictions. Such a collateral attack is not "expressly permitted" by either §3582(c)(1)(B) or Section 404. 18 U.S.C. § 3582(c)(1)(B). Instead, "the proper vehicle for" these arguments "is a petition under 28 U.S.C. § 2255" [and] "the Supreme Court has not made *Apprendi* and its progeny retroactive within the meaning of § 2255.

*Id.* at 24 (internal citations omitted).

Indeed, defendant argues that *Apprendi* and *Alleyne* apply because they are a recognition of a Constitutional right that has always existed. (Def. Brief at 14-15). However, that argument is, as recognized in *White*, nothing more than a collateral attack on the constitutionality of the original sentence. Section 404 does not expressly permit such a challenge. Instead, Section 404 only permits a reduction to a reduced sentence "as if" the Fair Sentencing Act had been in effect. It does not state "as if" *Alleyne* or *Apprendi* had been in effect.

For the above reasons, *Apprendi* and *Alleyne* have no applicability in a proceeding to reduce a sentence under Section 404 of the First Step Act.

> B. <u>Based on Drug Quantity, Defendant Would Have Been Subject to the Same Statutory Penalties Even if the Fair Sentencing Act Had Been in Effect</u>

Because defendant's offense of conviction undisputedly involved significantly more than 280 grams of crack cocaine, a reduced sentence "as if" the Fair Sentencing Act had been in effect would result in no reduction at all. For that reason, the Court should deny relief.

While there is a split among district courts on the issue of whether a defendant is eligible for relief under Section 404 of the First Step Act if his or her undisputed drug quantity exceeds the 28 or 280 gram thresholds under the FSA 2010, the government's argument is supported by an appellate ruling affirming the denial of a First Step Act reduction. In *United States v. Means*, the Eleventh Circuit Court of Appeals found that the district court "properly denied" the defendant's motion under the First Step Act. *United States v. Means*, --F. App'x--, 2019 WL 4302941 at *2 (11th Cir. Sept. 11, 2019) (per curiam) (unpublished). The

9

court in *Means* stated that the "changes to the triggering quantities of cocaine for the imposition of the mandatory sentencing scheme under § 841 do not impact Means's sentence because he was attributed with over five kilograms of cocaine, far in excess of the new 280-gram triggering amount." *Id.* [5] As in *Means*, the defendant's sentence here is not impacted by the change in "triggering quantities" because "he was attributed with" far more than 280 grams of crack cocaine.

A decision from this district has recently rejected the government's *Alleyne/Apprendi* drug quantity argument. *See United States v. Nyles Earlmondo Johnson*, Docket No. 106, 06-CR-4031-LTS (N.D. Iowa, Aug. 20, 2019). In *Johnson*, the Court acknowledged that "various courts have ruled in favor of [each side's] arguments" but that the Court agreed "with defendant that using the charged quantity to determine if the FSA applies is the more compelling argument." (*Id.* at 15).

---

[5] The government is unaware of any other federal appellate opinion on this precise issue. However, the Fifth Circuit Court of Appeals has noted that under the First Step Act, a district court "decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape *only by the changes mandated by the 2010 Fair Sentencing Act*." *United States v. Hegwood*, 934 F.3d 414, 418-19 (5th Cir. Aug. 8, 2019) (emphasis added). Here, the "legal landscape" at the time (pre-*Alleyne*) was that judicially found drug quantity could trigger mandatory minimum sentences.

Likewise, in another case, the Eleventh Circuit Court of Appeals stated that "Congress has expressly permitted courts to retroactively apply only the Fair Sentencing Act to defendants who qualify, while otherwise considering their sentence against the legal landscape at the time of their offense [and] [t]he language of *the statute does not expressly provide for the retroactive application of other changes in law*." *United States v. Carter*, 2019 U.S. App. LEXIS 31024, *9 (11th Cir. Oct. 18, 2019) (emphasis added).

The other courts[6] that have rejected this argument have largely emphasized, as defendant does, that eligibility under the First Step Act depends only on the statute of conviction, and not the conduct of the defendant. *See e.g., United States v. Stanback*, 02-CR-30020, 2019 WL 1976445 (W.D. Virginia, May 2, 2019); *United States v. Davis*, 07-CR-245, 2019 WL 1054554 (W.D.N.Y. Mar. 6, 2019), appeal docketed, No. 19-874 (2nd Cir. Apr. 5, 2019) ("[I]t is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act."). However, the government's argument does not ask the Court to look beyond the statute of conviction. In this case, the statute of conviction was conspiracy to distribute 50 grams *or more* of crack cocaine in violation of 21 U.S.C. § 846. (Docket # 23). The conspiracy itself, and not relevant conduct, involved well over 280 grams of crack cocaine, and defendant admitted so, through his plea agreement, at the time of his plea hearing.

As recently stated by another court, "whether the Fair Sentencing Act changed the penalty range on [a certain charge] turns on a question of historical fact: did the conspiracy involve at least [280] grams of crack for which [defendant] was responsible?" *United States v. Blocker*, 378 F. Supp. 3d 1125, 1128 (N.D.

---

[6] As noted by defendant, there are many district court opinions from other districts on this issue, with many agreeing with this Court's approach in *Johnson*. The government has not attempted to cite each case that has addressed this issue. District courts are tackling this issue on a regular basis, and an attempt to cite each case would be outdated almost immediately. The district court's opinion in *United States v. Willis*, 2019 WL 4849435 (E.D. Pa. Sept. 30, 2019), provides a comprehensive analysis of the different views taken by courts around the country on this issue, dividing the cases into groups labeled "indictment controls theory," "the statute of conviction theory," and the "offense controls theory."

Florida, Apr. 25, 2019). Thus, while the Superseding Indictment alleged 50 grams *or more*, defendant admitted drug quantity exceeding 280 grams—all of which was involved in the offense of conviction. This is unlike a case where the offense of conviction was the distribution of 80 grams of crack cocaine, but relevant conduct added an additional 200 grams. In that case, the offense of conviction (the distribution) would not meet or exceed 280 grams, and the government would not contest eligibility on that ground. In other words, the government's argument does not ask the Court to look beyond the statute of conviction; it merely asks the Court to apply the law as it was at the time the defendant was sentenced, and to calculate the drug quantity involved in the offense of conviction in the same manner it was permitted to be calculated at that time. *See Hegwood*, 934 F.3d at 418-19 (noting that a court should place "itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act").

This argument was viewed favorably in *United States v. Potts*, No. 98-CR-14010, 2019 WL 1059837 at *3 (S.D. Fla. Mar. 6, 2019), and in *United States v. Haynes*, No. 08-CR-441, 2019 WL 1430125 (D. Neb. Mar. 29, 2019), where the court rejected the defendant's argument that "he pled guilty to possession with intent to distribute 5 grams or more of crack cocaine and cannot be held responsible for a greater quantity[.]" The court found this argument unpersuasive, noting that the government charged defendant "in accordance with the wording of the statutes as they existed" at that time, and it was undisputed that, had the FSA 2010 been in

12

effect, the drug quantity would have still been sufficient to trigger the same penalties. *Haynes*, 2019 WL 1430125 at *2. As in *Haynes*, had section 2 of the FSA 2010 been in effect at the time of defendant's offense, the drug quantity involved in the conspiracy would have still established the same statutory penalties that were in place at the time of his initial sentencing.

## IV. ALTERNATIVELY, THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY RELIEF

Even if the Court is not persuaded by the government's argument that *Alleyne* and *Apprendi* are not applicable, the Court should exercise its discretion to deny relief in this case.

First, the Court should deny relief for the reason cited above, specifically, because it is undisputed that defendant was, in fact, involved in far more than the 280 grams of crack cocaine that was necessary to trigger the (b)(1)(A) penalties under the FSA 2010. Even if this is not a legal bar to relief, the Court should discretionarily deny relief because granting relief would create a windfall for defendant not available to defendants prosecuted under the FSA 2010, offending "the need to avoid unwarranted sentencing disparities among" similarly situated offenders under 18 U.S.C. § 3553(a)(6). *See Dorsey v. United States*, 567 U.S. 260, 276-79 (2012) (expressing the importance of consistency in sentencing similarly situated offenders when determining the retroactive application of a statutory amendment). That is because, following the enactment of the FSA 2010, juries were asked to make quantity determinations based on that Act's new thresholds for purposes of establishing the statutory maximum. However, prior to *Alleyne*, courts

could, and did, impose higher statutory minimums under the FSA 2010 thresholds, based on the court's own conclusions regarding drug quantity. Therefore, defendants prosecuted under the FSA 2010 thresholds, and prior to *Alleyne*, received mandatory minimum sentences based on the sentencing court's drug quantity determinations. Applying *Alleyne* to defendant's case results in a situation where a defendant sentenced prior to the FSA 2010 is treated differently than a defendant sentenced after the FSA 2010 (who cannot take advantage of the First Step Act). Thus, defendant's claim that a reduction for defendants sentenced before the FSA 2010 was enacted "promotes equity and actually reduces disparity" is not accurate. (Docket # 147-1 at 19). For example, a post-FSA 2010 (but pre-*Alleyne*) defendant who was convicted of the exact same offense as defendant, with the exact same drug quantity, and with the exact same criminal history, would have still faced a mandatory minimum sentence of life imprisonment under §§ 841(b)(1)(A) and 851, even after the FSA 2010 was in effect, because the court's drug quantity findings would determine the applicable mandatory minimum sentence. Yet, this defendant would clearly not be eligible for relief under the First Step Act, because he or she would have been sentenced after the FSA 2010.

For these reasons, even if a reduction in this case is not prohibited by the First Step Act, the Court should exercise its discretion to treat defendant the same as defendant would have been treated had the FSA 2010, but not *Alleyne*, been in effect at the time of defendant's sentencing.

## V. IF A REDUCTION IS GRANTED, THE AMENDED SENTENCE SHOULD NOT BE LESS THAN 360 MONTHS

If the Court finds that a reduction is permitted and warranted, the Court should not reduce defendant's sentence to a term less than the bottom of the new guidelines range. In this case, if defendant were eligible for relief, the applicable statutory penalties, pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851, would be a mandatory minimum sentence of 10 years' imprisonment and a maximum sentence of up to life imprisonment. Because the statutory maximum is still life imprisonment, and because defendant is a career offender, defendant's offense level would remain 37, with criminal history VI. The applicable guidelines range would now be 360 months to life imprisonment.[7]

Any sentence reduction should result in a sentence at or above 360 months' imprisonment—the bottom of the new guidelines range. In *United States v. Ingram*, Docket No. 303, No. 5:07-CR-4056-LTS (N.D. Iowa Sept. 10, 2019), the Court (in granting a motion for a reduced sentence under the First Step Act) noted that "[i]t is not appropriate to go under the bottom of the amended guideline range, without additional authority to do so."

While some district courts have found that the court is permitted to impose a reduced sentence lower than the bottom of the amended guidelines range, *see e.g., United States v. Robinson*, No. 02-CR-227, 2019 WL 3867042, *5-6 (D. Md. Aug. 15, 2019), there is no factual basis, when considering the factors under 18 U.S.C.

---

[7] Defendant did not receive a reduction for acceptance of responsibility, because he denied that he had committed the crime at the time of sentencing. (Sent. TR. 18-19).

§ 3553(a), in this case for a sentence below the bottom of the amended guidelines range. Not only was defendant a career offender, but defendant had three qualifying career offender predicates at the time of his sentencing. (PSR ¶ 36). He has a serious criminal history that includes assaultive behavior. (PSR ¶¶ 41-57). At the time of his sentencing, defendant denied that he committed the instant offense, and still has not accepted responsibility for his offense.

Defendant's lack of disciplinary infractions in the Bureau of Prisons is a positive factor that should be considered.[8] However, in light of the other factors under § 3553(a), a reduced sentence to no less than the bottom of the amended range is all that is appropriate. Therefore, if the Court finds defendant is eligible, it should reduce his sentence to a new sentence of not less than 360 months' imprisonment.

## VI. A HEARING IS NOT NECESSARY

Defendant is not entitled to a hearing. Even if a reduction were appropriate, the reduction would be authorized by the First Step Act and by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute[.]" Rule 43(b)(4) of the Federal Rules of Criminal Procedure states that a defendant need not be present where "[t]he proceeding involves the correction or reduction of sentence

---

[8] As demonstrated in defendant's Exhibit D (Docket # 147-5), defendant has only one infraction: refusing to obey an order in 2010.

under . . . 18 U.S.C. § 3582(c)." In *Dillon*, the Supreme Court confirmed that sentencing reduction proceedings stand "as a narrow exception to the rule of finality" and accordingly Rule 43, which "requires that a defendant be present at 'sentencing,' *see* Rule 43(a)(3), . . . excludes from that requirement proceedings that 'involv[e] the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c),' Rule 43(b)(4)." *Dillon*, 560 U.S. at 827-28 (sentence reduction proceedings pursuant to a retroactive guideline amendment do not implicate the Sixth Amendment); *see also United States v. Johnson*, 703 F.3d 464 (8th Cir. 2013) (proceedings on defendant's motion for a sentence reduction did not implicate a liberty interest protected by the Due Process Clause when reduction was discretionary, noting that "[n]o new deprivation of liberty can be visited upon him by a proceeding that, at worst, leaves his term of imprisonment unchanged.").

The vast majority of courts to have considered the issue have agreed that a defendant is not entitled to a hearing, and that Section 404 does not authorize plenary resentencing. *See e.g., United States v. Razz*, 379 F. Supp. 3d 1309 (S.D. Fla. May 22, 2019); *United States v. Foreman*, No. 06-CR-30, 2019 WL 3050670, *7 (W.D. Mich. July 12, 2019); *United States v. Blocker*, No. 07-CR-466, 2019 WL 3976294 (D.S.C. Aug. 22, 2019); *United States v. Drake*, No. 07-CR-53, 2019 WL 5213923 (N.D. W.Va. Oct. 16, 2019); *United States v. Crews*, No. 06-CR-418, 2019 WL 2248650, *8 (W.D. Pa. July 10, 2019).

For the reasons stated above, no hearing is necessary in this case, and plenary resentencing is not permitted.

## VII. CONCLUSION

Based on the above, defendant is not eligible for a reduction and his motion should be denied without a hearing.

Respectfully Submitted,

PETER E. DEEGAN, JR.
United States Attorney

By: */s/ Justin Lightfoot*

JUSTIN LIGHTFOOT
Assistant United States Attorney
Northern District of Iowa
111 Seventh Ave. SE, Box 1
Cedar Rapids, Iowa  52401
(319) 363-6333
(319) 363-1990 (Fax)
Justin.Lightfoot@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2019, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY:  /s/  RAL